**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>HAMZA DOOST (4) and<br>KUNAL MEHTA (6),<br>Defendants. | Criminal Action No. 24-417 (CKK) |

**MEMORANDUM OPINION & ORDER**
(May 14, 2025)

Yesterday, the Government arrested Defendants Hamza Doost and Kunal Mehta on the [50] Superseding Indictment in this case. The Government sought pretrial detention of both Defendants. Magistrate Judge Douglas McCormick of the Central District of California denied the Government's motion for pretrial detention but stayed his order releasing the Defendants until 4:00 p.m. Pacific Time (7:00 p.m. Eastern Time) today to allow the Government to seek review in this Court.

At 2:17 p.m. Eastern Time today, the Government filed an [57] Emergency Motion seeking *de novo* review of Magistrate Judge McCormick's release order and a stay of the release order pending this Court's *de novo* review. Gov't's Mot. for Review and Stay, ECF No. 57. The Government's Emergency Motion did not state the factual or legal basis for the Government's argument that Doost and Mehta should be detained pending trial. Accordingly, the Court directed the Government to supplement its filing, no later than 5:00 p.m. Eastern Time today, with its substantive arguments for revocation or amendment of the release order.

The Government has now submitted its supplement as directed. Upon consideration of the Governments' submissions, and based on the representations contained therein, the Court shall

**GRANT** the Government's [57] Emergency Motion and **STAY** Magistrate Judge McCormick's release order pending further order of this Court. Because Defendants Doost and Mehta have had no opportunity to develop the factual record before this Court, the Court shall direct the Government to provide a copy of this Memorandum Opinion and Order to defense counsel or, if no counsel have yet been identified, to the Office of the Federal Public Defender for the Central District of California. Defense counsel shall promptly enter their appearances in this Court. Once they do so, the Court shall set an expedited briefing schedule for further consideration of the Government's request for pretrial detention of Defendants Doost and Mehta. The Court shall also entertain motions for reconsideration of this Memorandum Opinion and Order.

## II. LEGAL STANDARD

Recognizing that the Bail Reform Act does not address stays pending a district court's review of a magistrate judge's release order, judicial officers in this District have applied the four-factor framework articulated in *Nken v. Holder*, 556 U.S. 418 (2009), to decide whether such a stay is warranted. *See, e.g.*, *United States v. Abass*, No. 25-cr-0079, 2025 WL 1096795, at *3 (D.D.C. Apr. 11, 2025) (ZMF); *United States v. Taylor*, No. 21-cr-392, 2021 WL 2439231, at *1 (D.D.C. June 15, 2021) (RCL). Under the *Nken* framework, "a reviewing court may not resolve a conflict between considered review and effective relief by reflexively holding a final order in abeyance pending review." 556 U.S. at 427. Instead, the Court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. "The first two factors . . . are the most critical." *Id.*

## III. ANALYSIS

The Government has shown that a brief stay is warranted under the *Nken* framework.

### A. The Government's Likelihood of Success on the Merits

On the present record, the Court concludes that the Government is likely to succeed on the merits of its motion for review of Magistrate Judge McCormick's release order. The Bail Reform Act provides that if a defendant is ordered released by a magistrate, "the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order." 18 U.S.C. § 3145(a). The U.S. Court of Appeals for the D.C. Circuit has "not squarely decided" the standard of review for such motions. *United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021). But every other circuit to address the question has held that a district court's review is *de novo*. *See United States v. Chrestman*, 525 F. Supp. 3d 14, 23 & n.5 (D.D.C. 2021) (BAH) (collecting cases). And this Court has adopted that position. *See United States v. Brown*, No. 23-cr-73-10, 2023 WL 7017750, at *1 (D.D.C. Oct. 25, 2023) (CKK).

On *de novo* review, the question for the Court is whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to the community.'" *United States v. Vasquez-Benitez*, 919 F.3d 546, 550 (D.C. Cir. 2019). And that inquiry is guided by the Bail Reform Act's familiar four-factor test, under which the Court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). Although the statute is silent as to the level of proof required to establish risk of flight, the D.C.

Circuit has held that such a finding need only be supported by a "preponderance of the evidence." *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987).

Here, considering the Section 3142(g) factors, the Court concludes the Government is likely to demonstrate by a preponderance of the evidence that Doost and Mehta are flight risks and that no combination of conditions of release can ensure their appearance at future proceedings.

The nature and circumstances of the charged offense weigh in favor of detention. Both Doost and Mehta are charged with extensive participation in a sprawling RICO conspiracy, largely as money launderers. This Court has previously addressed the seriousness of the offenses charged in the original indictment in this case. *See* Mem. Op., ECF No. 20, at 4. The likely penalties attending a conviction on these charges create a serious incentive to flee. And it remains the case that the inherently covert nature of the cryptocurrency-based cybercrimes central to the charged scheme negates the ability of Pretrial Services to monitor Doost and Mehta's activities.

The weight of the evidence against Doost and Mehta strongly favors detention. This Court has previously determined that the Government's evidence in support of the original indictment "is overwhelming." Mem. Op., ECF No. 20, at 5. On the present record, the Court is likely to reach the same conclusion as to the evidence supporting the Superseding Indictment's charges against Dost and Mehta. The Government has proffered, and the Superseding Indictment describes, the existence of extensive documentary evidence—principally preserved electronic communications—of Doost and Mehta's participation in the alleged racketeering enterprise. Further, the Government has proffered that there are multiple witnesses who will testify to Doost and Mehta's involvement. And the Government has proffered that the fruits of the search warrant executed on Mehta's California home will further support the charges. The collective strength of this evidence further enhances Doost and Mehta's incentive to flee.

Doost and Mehta's history and characteristics weigh strongly in favor of detention because both have the means and opportunity to flee. Doost has no fixed address, an extensive history of international travel to non-extradition countries, access to private jets, and a history of boasting that he can arrange jet travel without documentation. Mehta has a similarly extensive history of international travel to non-extradition countries, documented plans to travel abroad in the near future to one such country, and connections to co-conspirators presently residing in non-extradition countries. Further, the Government has proffered evidence suggesting that both Doost and Mehta have ready access to large sums of money in various denominations, which mutes the coercive force of any appearance bond.

On the present record, neither Doost nor Mehta presents a clear danger to community—although Mehta has access to firearms. But on balance, the Section 3142(g) factors are likely to weigh in favor of detention, Doost and Mehta are likely severe flight risks, and the Government is thus likely to succeed on the merits of its motion for review under Section 3145(a).

**B. Irreparable Injury to the Government**

The present record supports the conclusion that the Government "will be irreparably injured absent a stay" for many of the same reasons it is likely to succeed on the merits question of whether pretrial detention is warranted. *See Nken*, 556 U.S. at 434. On the present record, based on the factual representations in the Government's proffer in support of its Emergency Motion, it appears that there is no condition or combination of conditions that would assure that Doost and Mehta will appear for further proceedings in this matter. The Government's description of Defendants' recent activities suggests if the Court does not grant a stay, Doost and Mehta may flee the United States for a country from which they cannot be extradited. Defendants' flight would be an irreparable injury to the Government's interest in prosecuting this case. The second *Nken* factor favors a brief stay.

### C. Substantial Injury to Other Interested Parties

On the other side of the ledger, a stay will "substantially injure" other parties—the Defendants—by subjecting them to pretrial detention pending this court's *de novo* review. *See Nken*, 556 U.S. at 434. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Munchel*, 991 F.3d 1273, 1279 (D.C. Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)). Ordering or extending such detention, however briefly, is always a serious matter. Accordingly, the third *Nken* factors weighs against granting a stay.

### D. Where the Public Interest Lies

Finally, "the public interest" favors granting a brief stay. *Nken*, 556 U.S. at 434. The public has an interest in the orderly and unobstructed resolution of serious criminal cases. Given the Court's conclusion that the Government is likely to succeed in showing that Doost and Mehta present imminent flight risks, it appears that a stay would disserve that interest. Although the public also has a strong interest in carefully guarding the limits of pretrial detention, even in cases charging serious crimes, the substantial risk of flight in this case and the relatively short duration of detention at issue here—only until this Court completes its *de novo* review of the release order—outweigh that interest. The public interest therefore favors a brief stay.

* * *

On balance, on the present record, the Court concludes that the *Nken* factors favor granting a brief stay of Magistrate Judge McCormick's order releasing Defendants Doost and Mehta.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Government's [57] Emergency Motion is **GRANTED**. The release of Defendants Hamza Doost and Kunal Mehta is **STAYED** until further order of this Court.

It is further **ORDERED** that the Government shall provide a copy of this Memorandum Opinion and Order to defense counsel for Defendants Doost and Mehta, or if counsel has not yet been identified, to the Office of the Federal Public Defender for the Central District of California.

It is further **ORDERED** that defense counsel for Doost and Mehta shall promptly enter their appearances in this case. Once counsel have entered appearances, the Court shall set an expedited briefing schedule for further consideration of the Government's request for pretrial detention of Doost and Mehta. The Court shall also entertain motions for reconsideration of this Memorandum Opinion and Order.

Finally, it is **ORDERED** that the Government shall promptly provide a copy of this Memorandum Opinion and Order to the Chambers of Magistrate Judge Douglas McCormick of the Central District of California.

**SO ORDERED.**

**Dated:** May 14, 2025

Colleen Kollar-Kotelly

COLLEEN KOLLAR-KOTELLY
United States District Judge