**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 24-cr-417 (CKK)** |
| | : | |
| | : | |
| **KUNAL MEHTA, also known as "Papa," "The Accountant," "Shrek," and "Neil," Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OPPOSITION TO DETENTION**

The United States responds to defendant's opposition to detention with the following points and authorities.

Defendant correctly pointed out that the government devoted a large part of its memorandum to the overall activities of the SE Enterprise. Defendant is charged in a RICO conspiracy case where he is culpable for all acts of the enterprise, regardless of his specific function. The advisory guidelines sentencing range for the RICO conspiracy charged in count one of the Superseding Indictment is well over the statutory maximum of 20-years. Evidence of the overall enterprise, such as the nine or so exotic cars seized from the defendant's driveway on May 13, 2025, is important for the Court's consideration because those were being stored for Malone Lam and registered to the Defendant's "companies."

Regarding Defendant's ties to the community and business interests, the government does believe that Mehta has some interest in Air BnB rentals but the interest is unclear. Does he own several homes throughout Los Angeles, or does he simply manage reservations and coordinate cleaning crews for properties? That is an important distinction. The remaining business entities remain much less certain, mostly because of Defendant's money laundering activities. His "companies" Code Ninja LLC, the KDKM, Motivational Rentals LLC, Digital Core Solutions

LLC, Precision Timepieces, and others, are involved in significant money laundering and were used to conceal assets on behalf of the SE Enterprise. Without more about Defendant's IT company of Air BnB interests, it is hard to assess the credibility of that assertion and impossible to determine if he has any legitimate ties to the community and any incentive to stay in the community.

Defendant had multiple firearms and nearly $300,000 in fiat currency taken from his home during the search warrant on May 13, 2025. Defendant's business model relied on having a certain amount of cash on hand to do fast crypto-to-cash conversions. He also used various bulk cash connections throughout Los Angeles for cash resupply and larger conversions. Those connections remain, along with Defendant's web of LLC companies and associated bank accounts that are being unwound by the investigation. Many of the previously identified bank accounts were closed independently by financial institutions. Defendant has been implicated in money laundering and cash exchanges in the tens of millions of dollars. Access to that type of funds did not simply stop on May 13, 2025. This fact cuts against the suggestion that a surety bond would ensure his appearance.

Defendant asserts that pre-trial can monitor all of his conduct and ensure compliance. With all due respect to pre-trial services, this is an impossible task. Defendant could easily obtain a phone, download Telegram or Signal, and continue to operate freely without concern.

Defendant's money laundering was not simply done in conjunction with the SE Enterprise. He worked with a web of Chinese nationals located in the US and abroad. This, in combination with Defendant's significant international contacts and pre-planned trip to Dubai where two co-defendants are currently fugitives, weighs significantly in favor of detention. The SE Enterprise had access to private jet rentals where ID were not required. This should give the court significant concern, especially while evaluating a defendant like Mr. Mehta who has questionable ties to the

community, access to significant financial resources, and established ties abroad.

For the foregoing reasons, the Government continues to request detention citing the Defendant's high incentive to flee and established means to flee.

Respectfully submitted,

Jeanine Ferris Pirro
United States Attorney

BY: *_/s/ Kevin L. Rosenberg_*
Kevin Rosenberg, Ohio Bar 0081448
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 809-5351
Kevin.Rosenberg@usdoj.gov